UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MAOYING SONG,<br><br>Plaintiff,<br><br>v.<br><br>DEFENDANT "1" a/k/a "Thomas Johnson" and JOHN DOES 1-20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associates,<br><br>Defendants. | Case No. |

**COMPLAINT FOR**
**CONVERSION OF STOLEN CRYPTOCURRENCIES**

Plaintiff, MAOYING SONG, by and through undersigned counsel, sues DEFENDANT "1" a/k/a "Thomas Johnson" and JOHN DOES 1-20, as follows:

**PRELIMINARY STATEMENT**

1.  Defendants stole 202,615.71 Tether (USDT) and 4.165 Ethereum (ETH) from Plaintiff pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme, the current market value of which is two hundred fifteen

1

thousand eight hundred thirty-five dollars and seventeen cents ($215,835.17)[1].

2. Defendant "1" played a material role in the theft of Plaintiff's assets, and upon information and belief, he and his cohorts currently possess all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover her stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This is an action for damages related to the theft of Plaintiff's cryptocurrency assets as detailed below. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

6. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least two fraudulent websites www.cbpromaxtrade.com and www.cbsunmax.com which can be accessed on the internet and on smartphones and are accessible from Florida.

7. Moreover, every website has at least one associated IP address that it

---

[1] Current market value calculated using data from etherscan.io on April 25, 2024.

uses to communicate with devices on a network. The IP address for www.cbsunmax.com is 199.59.243.225[2]. Plaintiff has tracked the www.cbsunmax.com IP address to Tampa, Florida[3]. The link for www.cbpromaxtrade.com is currently inactive[4].

## THE PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, MAOYING SONG, an individual, is *sui juris*, and is a resident and citizen of Florida.

9. Defendant "1" is an individual, is sui juris, and is subject to the personal jurisdiction of this Court. Defendant "1" represented to Plaintiff MAOYING SONG that his name was "Thomas Johnson." Defendant represented to Plaintiff that he was American, and the parties' communications consistently demonstrated Defendant "1" was of American descent who claimed that he was in Los Angeles, California.

10. Defendants JOHN DOES 1-20 are as of yet unidentified Individuals, Business Entities, and/or Unincorporated Associations, cohorts of Defendant "1," are *sui juris*, and are subject to the personal jurisdiction of this Court.

11. At all times material hereto, Defendants have maintained and continue

---

[2] At the time of tracing, the IP addresses for www.cbsunmax.com were 172.67.143.29 and 104.21.54.228 both of which were tracked to San Francisco, California.
[3] At the time of filing, the IP address for www.cbsunmax.com is 199.59.243.225 which has been tracked to Tampa, Florida.
[4] At the time of tracing, the IP addresses for www.cbpromasxtrade.com were 172.67.185.146 and 104.21.36.48 both of which were tracked to San Francisco, California.

3

to maintain private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion of Plaintiff's stolen cryptocurrency currently sits.

## ALLEGATIONS COMMON TO ALL COUNTS

**A. Defendants Execute an International Cryptocurrency Theft Scheme**

12.  On or about May 27, 2023, Plaintiff was approached by Defendant "1" a/k/a "Thomas Johnson" who initially communicated with Plaintiff via FaceBook Messenger, and eventually via Whatsapp with a Whatsapp phone number of 1-213-421-3478 (VOIP), and email address thomasjohnso2409@gmail.com.

13.  Based on their interactions, Plaintiff believes that Defendant "1" a/k/a "Thomas Johnson" used multiple fake identities on social media platforms.

14.  Defendant "1" misrepresented that he would teach Plaintiff how to become a successful cryptocurrency trader.

15.  Initially, Plaintiff did not want to invest in cryptocurrency as she knew very little about cryptocurrency investments. However, Defendant "1" lured Plaintiff by showing her examples over FaceBook Messenger and Whatsapp of how he was successfully earning high returns on his cryptocurrency trading methods and promised Plaintiff that she too could have quick and high returns on her investments.

16.  Defendant "1" represented to Plaintiff that he was using trusted websites called www.cbpromaxtrade.com and www.cbsunmax.com that, according to Defendant "1", were third party plug-in web browsers on Metamask.

17. On or around November 20, 2023, the domain for www.cbpromaxtrade.com expired and is currently inaccessible.

18. Defendant "1" assisted Plaintiff in utilizing www.cbpromaxtrade.com and www.cbsunmax.com which he claimed were third party plug-in web browsers for Metamask. Defendant stated that www.cbpromaxtrade.com and www.cbsunmax.com would be used as trading platforms with the purpose of making transactions that after the transactions were complete, the assets would be transferred to Crypto.com for withdrawal.

19. However, the websites Defendant "1" provided to Plaintiff were not legitimate exchange websites owned and operated by any exchange but were instead fraudulent copycat websites created to deceive individuals, including Plaintiff, into believing they were investing on legitimate cryptocurrency exchanges.

20. To further entice Plaintiff into believing he was a legitimate investor who only wanted to assist Plaintiff in becoming a successful cryptocurrency trader like him, Defendant "1" shared a photograph of his U.S. passport to verify his identity to Plaintiff.

21. After familiarizing herself with the process of trading on the fraudulent website recommended by Defendant "1," and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff started to transfer cryptocurrency from her Crypto.com and Metamask accounts, legitimate third-party online platforms for

buying, selling, transferring, and storing cryptocurrency, to the fraudulent platforms (www.cbpromaxtrade.com and www.cbsunmax.com).

22. Defendants posted fraudulent returns on their fake websites which made it appear that Plaintiff was making money on her trades.

23. As a result, Plaintiff continued to transfer cryptocurrency from her Crypto.com and Metamask accounts to the fraudulent exchanges. Because of the fraudulent representations contained on the fake account, and misrepresentations made by Defendant "1", and additional individuals who claimed to be customer service representatives, Plaintiff believed that she had made significant money from the investment.

24. Plaintiff was told by Defendant "1" that the value of her cryptocurrency had grown from approximately two hundred ten thousand four hundred and seven dollars ($210,407.00) to approximately one million dollars ($1,000,000.00), which was also reflected on the fraudulent statements.

25. Around June 2023, Plaintiff was able to successfully withdraw cryptocurrency totaling approximately thirty-two thousand dollars ($32,000.00) from www.cbpromaxtrade.com and www.cbsunmax.com to her personal bank account.

26. Defendant "1" instructed Plaintiff to deposit around twenty-three thousand dollars ($23,000.00) back to www.cbpromaxtrade.com and

6

www.cbsunmax.com.

27. However, when Plaintiff attempted to withdraw around two hundred two thousand and five hundred dollars ($202,500.00) worth of cryptocurrency on or about July 17, 2023, Plaintiff's account was suspended. Plaintiff was told that before she could withdraw her cryptocurrency, she was required to transfer additional cryptocurrency to the fraudulent www.cbpromaxtrade.com and www.cbsunmax.com exchanges to pay taxes on her earnings.

28. When Plaintiff questioned Defendant "1" about the transfer issues she was experiencing, Defendant "1" provided excuses and made additional false representations.

29. Plaintiff communicated with additional individuals who claimed to be customer service representatives and assured Plaintiff that everything would be resolved once she deposited additional cryptocurrency to pay taxes on her earnings.

30. This is when Plaintiff realized she had been scammed. Plaintiff made numerous unsuccessful attempts to transfer the cryptocurrency from the fake copycat exchange back to her Crypto.com wallet.

**B. Plaintiff's Forensic Tracing of Their Stolen Cryptocurrency**

31. When a transaction is made on the blockchain it is assigned a "transaction hash" ("TXID"). A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain. A TXID is

used to uniquely identify a particular transaction. All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

32. Within the time frame of June 9, 2023, and July 19, 2023, Plaintiff MAOYING SONG made 9 transactions from her Crypto.com and Metamask accounts to the fraudulent exchange. In total, Plaintiff transferred approximately 202,615.71 Tether (USDT) and 4.165 Ethereum (ETH) to the fraudulent exchange, which had a market value at the time of approximately $210,407.00(USD).

33. Plaintiff has retained forensic cryptocurrency tracing experts who have traced Plaintiffs stolen assets on the blockchain. Attached hereto as Exhibit A is the tracing report completed by experts at CNC Intelligence Inc. Plaintiff incorporates Exhibit A into her verified complaint.

## COUNT 1
## CONVERSION

34. Plaintiff adopts and realleges the allegations set forth in the paragraphs above, as if fully and expressly set forth herein, and further alleges as follows.

35. As more fully alleged above, Defendants misappropriated Plaintiff's funds.

36. Defendants have converted Plaintiff's funds to their own use or to the

use of others not entitled thereto and have exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

37. Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

**WHEREFORE**, Plaintiff MAOYING SONG demands that judgment be entered against Defendant "1" and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

38. Plaintiff adopts and realleges the allegations set forth in the paragraphs above, as if fully and expressly set forth herein, and further alleges as follows.

39. Plaintiff conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiff.

40. Defendants have knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

41. The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit render Defendants' retention of the benefits inequitable.

42. Equity required that Defendants return to Plaintiff the benefits she conferred upon Defendants.

**WHEREFORE**, Plaintiff MAOYING SONG demands that judgment be entered against Defendant "1" and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other further relief as this Court deems just and proper.

## COUNT III
## IMPOSITION OF CONSTRUCTIVE TRUST AND DISGORGEMENT OF FUNDS

43. Plaintiff adopts and realleges the allegations set forth in the paragraphs above, as if fully and expressly set forth herein, and further alleges as follows.

44. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by Defendants.

45. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

46. As set forth above, Defendants – through actual fraud, misappropriation, conversion, theft, or other questionable means – obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

47. The cryptocurrency assets at issue are specific identifiable property and have been traced to Binance, Coinhako, and Crypto.com.

48. Any and all assets being held by Defendants at Binance, Coinhako, and Crypto.com must be held in trust for Plaintiff's benefit, and Defendants are not

entitled to the benefit of wrongfully misappropriated, converted and stolen cryptocurrency assets that were taken from Plaintiff.

49. The digital assets identified herein which are being held by Defendants at Binance, Coinhako, and Crypto.com must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE**, Plaintiff MAOYING SONG demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant "1" and/or JOHN DOES 1-20, in the identified cryptocurrency wallet addresses held at Binance, Coinhako, and Crypto.com and further demands that the wrongfully obtained property be returned to Plaintiff.

### COUNT IV
### CONSPIRACY

50. Plaintiff adopts and realleges the allegations set forth in the paragraphs above as if fully and expressly set forth herein and further alleges as follows.

51. The Defendants conspired and confederated with each other to commit, and committed, Conversion (Count I); and Unjust Enrichment (Count II).

52. Plaintiff has suffered damages as a direct and proximate result of Defendants' conspiracy.

**WHEREFORE**, Plaintiff MAOYING SONG demands that judgment be entered against Defendant "1" and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## VERIFICATION

I, MAOYING SONG, hereby declare under penalty of perjury that I have read the foregoing COMPLAINT FOR CONVERSION OF STOLEN CRYPTOCURRENCY and verify that all statements herein are true and correct to the best of my knowledge, understanding, and belief.

Dated: April __29__, 2024

_____
MAOYING SONG, Plaintiff

Dated: April 29, 2024          Respectfully Submitted,

*/s/ Daniel J. Thornburgh*
Daniel J. Thornburgh, Esq.
Fla. Bar No. 0042661
AYLSTOCK, WITKIN,
KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Fax: 850-916-7449
dthornburgh@awkolaw.com

*Attorney for Plaintiff*