**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAOYING SONG,**

**Plaintiff,**

**v.** **Case No: 6:24-cv-809-JSS-EJK**

**DEFENDANT 1 and JOHN DOE DEFENDANTS 1-9,**

**Defendants.**

# ORDER

This cause comes before the Court on Plaintiff's Motion for Order Authorizing Alternate Service of Process on Foreign Defendants Pursuant to Rule 4(f)(3) (the "Motion") (Doc. 16), filed July 18, 2024. Upon consideration, the Motion is due to be denied without prejudice.

Plaintiff's operative Second Amended Complaint alleges that she is a victim of a complex cryptocurrency scheme wherein Defendants stole 202,615.71 Tether (USDT) and 4.165 Ethereum (ETH) from her. (Doc. 12.) The stolen cryptocurrency has a current market value of approximately $218,450.62. (*Id.* ¶ 1.) Plaintiff does not know the true identities or physical locations of the Defendants but, upon information from the U.S. Secret Service, Plaintiff believes that they are Chinese citizens located in Myanmar. (*Id.* ¶ 6.) The presiding District Judge granted Plaintiff's emergency Motion for Temporary Restraining Order ("TRO") without notice to Defendants and has set an evidentiary hearing on the TRO for August 29, 2024. (*See* Docs. 20, 21.)

Plaintiff seeks an order authorizing service of process on Defendants via WhatsApp, NonFungible Token ("NFT") electronic transfer, and via website posting. (Doc. 16 at 3.) Plaintiff represents that without the ability to serve Defendants through these alternative means, Plaintiff will be left without the ability to pursue a remedy. (*Id.*)

Federal Rule of Civil Procedure 4(f)(3) allows for alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention"), provides rules governing service of process abroad between signatory states and "applies in all cases . . . where there is occasion to transmit a judicial or extrajudicial documents for service abroad," except in circumstances where the address of the person to be served with the document is unknown. Hague Service Convention, art. 1; *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F. 3d 916, 922 n.10 (11th Cir. 2003).

Plaintiff's Motion asserts that China is a signatory to the Hague Service Convention but despite this, alternative service would not violate that treaty. (Doc. 16 at 14–17); *see also Status Table*, Hague Service Convention (Nov. 3, 2020), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.
However, there appears to be a discrepancy between what Plaintiff has alleged in the Second Amended Complaint and Plaintiff's Motion. Plaintiff's Motion states, "Plaintiff has good cause to suspect Defendants are residing in China." (Doc. 16 at 14.) Plaintiff's supporting citation then refers to paragraph 14 of the Second Amended

Complaint, which reads as follows:

> Defendant "1" is an individual, is sui juris, and is subject to the personal jurisdiction of this Court. Defendant "1" represented via social media to Plaintiff MAOYING SONG that his name was "Thomas Johnson." Defendant represented to Plaintiff that he was born in Russia but that he was an American citizen living in Los Angeles, CA. **However, Defendant "1" is a Chinese citizen who is located in Myanmar** based on evidentiary support provided by the United States Secret Service.

(Doc. 12 ¶ 14) (emphasis added). Plaintiff similarly alleges that Defendants 1–9 are Chinese citizens located in Myanmar. (*Id.* ¶ 16.) The Motion addresses only China's signatory status to the Hague Service Convention—not Myanmar's. Further, Plaintiff has not addressed whether it is relevant that Defendants are residing in Myanmar, despite being Chinese citizens. Therefore, the Court will deny the Motion without prejudice, so that Plaintiff may address this discrepancy.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Order Authorizing Alternate Service of Process on Foreign Defendant Pursuant to Rule 4(f)(3) is **DENIED WITHOUT PREJUDICE**. Any renewed motion should address the discrepancy discussed above.

**DONE** and **ORDERED** in Orlando, Florida on August 23, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE