UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAOYING SONG,

     Plaintiff,

v.
                                   Case No: 6:24-cv-809-JSS-EJK

DEFENDANT 1 and JOHN DOE
DEFENDANTS 1-9,

     Defendants.
_____/

## <u>ORDER</u>

The court will extend the Temporary Restraining Order (Dkt. 20) because Plaintiff has not served Defendants.  On August 30, 2024, the Magistrate Judge entered an order denying without prejudice Plaintiff's Amended Motion for Alternate Service of Process (Dkt. 16) because the motion failed to address what steps Plaintiff undertook to ascertain Defendants' identities or locations.  (Dkt. 30 at 2.)  Plaintiff's Second Amended Motion for Alternate Service of Process (Dkt. 45) is currently pending before the court.

Currently, the Temporary Restraining Order (TRO) effective in this case is set to expire October 7, 2024.  (Dkt. 20, 36.)  A court may for good cause extend a TRO before it expires.  Fed. R. Civ. P. 65(b)(2); *U.S. v. Aid Med. Equip., Inc.*, No. 05-21461-CV-COOKE, 2005 WL 8155878, at *1 (S.D. Fla. Oct. 21, 2005), *report and recommendation adopted*, 2005 WL 8155858 (Nov. 9, 2005) (extending TRO beyond

initial time period to allow additional time for service on defendant and collecting cases in support.)  As Rule 65(a)(1) requires notice to the adverse party before issuing a preliminary injunction, good cause exists to extend the TRO to allow Plaintiff additional time to serve Defendants.

On September 12, 2024, the court granted Plaintiff's motion for expedited discovery and leave to serve third-party subpoenas so that Plaintiff could obtain the name, address, phone number, and email address of the Defendants from the, as well as Know Your Customer Information, from the cryptocurrency exchange companies Binance, Crypto.com, and Coinhako.  (Dkt. 37.)  These exchanges hold Defendants' electronic wallets that contain Plaintiff's stolen cryptocurrency.  (*Id.*)  Plaintiff served such subpoenas on September 12, 2024, and September 13, 2024, respectively.  (Dkt. 46 at 2.)  Making responses from the exchange companies due September 27, 2024. (*Id.*)  As of the date of this Order, Plaintiff represents that the exchange companies have not responded to the subpoenas.  (*Id.*)  As such, the court finds good cause exist to extend the TRO to give Plaintiff an opportunity to seek to enforce these subpoenas as compliance with the subpoenas could lead to the discovery of Defendants' identities.  Plaintiff should file a motion to compel the cryptocurrency exchange companies' compliance with the subpoenas as soon as possible.[1] If compliance is not

---

[1] Based on the motion, it is unclear where the cryptocurrency exchange companies are headquartered in the United States for purposes of seeking compliance with the third-party subpoenas.  Recognizing Rule 45(c)(2)(A), Plaintiff should seek enforcement of these subpoenas within 100 miles of where the cryptocurrency exchange companies reside or regularly transacts business in person as soon as possible.

- 3 -

accomplished before the TRO expires, any motion to extend the TRO must include an update as to the status of Plaintiff's efforts to enforce compliance of her subpoenas.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Time-Sensitive Motion for an Order Extending Temporary Restraining Order (Dkt. 46) is **GRANTED**.

2. The Temporary Restraining Order previously entered in this matter (Dkt. 20) is made a part of this Order and **EXTENDED** as follows:

   a. Plaintiff shall file a renewed motion for alternate service within five days of receiving expedited discovery.

   b. After Plaintiff serves Defendants, a hearing to determine whether to convert this temporary restraining order into a preliminary injunction will be set by separate notice before the Honorable Julie S. Sneed in Courtroom 6C of the George C. Young Federal Annex Courthouse, located at 401 West Central Boulevard in Orlando, Florida.

   c. The Temporary Restraining Order (Dkt. 20) will expire **October 21, 2024**, in accordance with Fed. R. Civ. P. 65(b)(2) unless, for good cause shown, this Order is extended or Defendants consent that it should be extended for a longer period of time.  However, the court may, upon demonstration of good cause by any party-of-interest, shorten or lift this Order.

- 4 -

d. Any motion to extend the Temporary Restraining Order shall advise the court of the status of the expedited discovery sought.

**ORDERED** in Orlando, Florida, on October 7, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record