UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAOYING SONG,

    Plaintiff,

v.                                                    Case No: 6:24-cv-809-JSS-EJK

DEFENDANT 1 and JOHN DOE
DEFENDANTS 1-9,

    Defendants.
_____/

## ORDER

    The court will extend the Temporary Restraining Order (Dkt. 20) because Plaintiff has not served Defendants. On October 7, 2024, the court found good cause exists to extend the TRO to allow Plaintiff to seek enforcement of the third-party subpoenas sent to the cryptocurrency exchange companies as compliance with the subpoenas could lead to the discovery of Defendants' identities. (Dkt. 48.)

    Currently, the Temporary Restraining Order (TRO) effective in this case is set to expire October 21, 2024. (Dkt. 20, 48.) A court may for good cause extend a TRO before it expires. Fed. R. Civ. P. 65(b)(2); *U.S. v. Aid Med. Equip., Inc.*, No. 05-21461-CV-COOKE, 2005 WL 8155878, at *1 (S.D. Fla. Oct. 21, 2005), *report and recommendation adopted*, 2005 WL 8155858 (Nov. 9, 2005) (extending TRO beyond initial time period to allow additional time for service on defendant and collecting cases in support.) As Rule 65(a)(1) requires notice to the adverse party before issuing

a preliminary injunction, good cause exists to extend the TRO to allow Plaintiff additional time to serve Defendants.

Plaintiff also requests the court amend the TRO because Plaintiff's tracing expert reevaluated the tracing results and discovered that the wallet addresses that the expert identified were located on the Coinhako exchange are actually located on the BC2 exchange. (Dkt. 53 at 2–3; Dkt. 20 at 3.) Plaintiff represents that the wallet addresses are the same. To the extent that Plaintiff requests the court amend the TRO to substitute BC2 for Coinhako as to those wallet addresses, Plaintiff must file his expert's updated report. The court will enter an order amending the TRO once Plaintiff's files his expert's updated report on the docket.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Time-Sensitive Motion for an Order Extending and Modifying Temporary Restraining Order (Dkt. 53) is **GRANTED in part** and **DENIED in part** as follows:

    a. The Temporary Restraining Order previously entered in this matter (Dkt. 20) is made a part of this Order and **EXTENDED** as follows:

    b. Plaintiff shall file a renewed motion for alternate service within five days of receiving expedited discovery.

    c. After Plaintiff serves Defendants, a hearing to determine whether to convert this temporary restraining order into a preliminary

    injunction will be set by separate notice before the Honorable Julie S. Sneed in Courtroom 6C of the George C. Young Federal Annex Courthouse, located at 401 West Central Boulevard in Orlando, Florida.

d. The Temporary Restraining Order (Dkt. 20) will expire **November 4, 2024**, in accordance with Fed. R. Civ. P. 65(b)(2) unless, for good cause shown, this Order is extended or Defendants consent that it should be extended for a longer period of time. However, the court may, upon demonstration of good cause by any party-of-interest, shorten or lift this Order.

e. Any motion to extend the Temporary Restraining Order shall advise the court of the status of the expedited discovery sought.

f. Otherwise, the Motion is **DENIED**.

**ORDERED** in Orlando, Florida, on October 21, 2024.

                                            JULIE S. SNEED
                                   UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record