UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAOYING SONG,

    Plaintiff,

v.                                          Case No: 6:24-cv-809-JSS-EJK

DEFENDANT 1 and JOHN DOE
DEFENDANTS 1-9,

    Defendants.
_____/

### ORDER

    The court will extend the Temporary Restraining Order (TRO, Dkts. 20 & 56) because Plaintiff has not served Defendants. On October 21, 2024, the court found good cause exists to extend the TRO to allow Plaintiff to seek enforcement of the third-party subpoenas sent to the cryptocurrency exchange companies as compliance with the subpoenas could lead to the discovery of Defendants' identities. (Dkt. 54.) Additionally, on October 29, 2024, the court found good cause exists to modify the TRO. (Dkt. 56.)

    Currently, the Temporary Restraining Order effective in this case is set to expire November 4, 2024. (Dkts. 20, 54, 56.) A court may for good cause extend a TRO before it expires. Fed. R. Civ. P. 65(b)(2); *U.S. v. Aid Med. Equip., Inc.*, No. 05-21461-CV-COOKE, 2005 WL 8155878, at *1 (S.D. Fla. Oct. 21, 2005), *report and recommendation adopted*, 2005 WL 8155858 (Nov. 9, 2005) (extending TRO beyond

initial time period to allow additional time for service on defendant and collecting cases in support.) As Rule 65(a)(1) requires notice to the adverse party before issuing a preliminary injunction, good cause exists to extend the TRO to allow Plaintiff additional time to serve Defendants.

As of the date of this Order, Plaintiff represents that the exchange companies have not yet produced Defendants' identifying information as requested in the subpoenas. (Dkt. 57 at 2.) As such, the court finds good cause exists to extend the TRO to allow Plaintiff to seek to enforce these subpoenas as compliance with the subpoenas could lead to the discovery of Defendants' identities. If Plaintiff cannot reach an agreement regarding the disclosure of Defendants' information with the cryptocurrency exchange companies, Plaintiff should file a motion to compel the companies' compliance with the subpoenas as soon as possible. If compliance is not accomplished before the TRO expires, any motion to extend the TRO must include an update as to the status of Plaintiff's efforts to enforce compliance of her subpoenas.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Time-Sensitive Motion for an Order Extending Temporary Restraining Order (Dkt. 57) is **GRANTED**.

    a. The Temporary Restraining Order previously entered in this matter (Dkts. 20 & 56) is made a part of this Order and **EXTENDED** as follows:

    b. Plaintiff shall file a renewed motion for alternate service within five days of receiving expedited discovery.

    c. After Plaintiff serves Defendants, a hearing to determine whether to convert this temporary restraining order into a preliminary injunction will be set by separate notice before the Honorable Julie S. Sneed in Courtroom 6C of the George C. Young Federal Annex Courthouse, located at 401 West Central Boulevard in Orlando, Florida.

    d. The Temporary Restraining Order (Dkts. 20 & 56) will expire **November 18, 2024**, in accordance with Fed. R. Civ. P. 65(b)(2) unless, for good cause shown, this Order is extended or Defendants consent that it should be extended for a longer period of time. However, the court may, upon demonstration of good cause by any party-of-interest, shorten or lift this Order.

    e. Any motion to extend the Temporary Restraining Order shall advise the court of the status of the expedited discovery sought.

**ORDERED** in Orlando, Florida, on November 4, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record