UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAOYING SONG,

    Plaintiff,

v.                                                     Case No: 6:24-cv-809-JSS-EJK

DEFENDANT 1 and JOHN DOE
DEFENDANTS 1-9,

    Defendants.
_____/

## ORDER

Plaintiff moves to file material under seal based on the confidentiality stipulation between Plaintiff and non-party Binance. (Motion, Dkt. 65.) Specifically, Plaintiff seeks to file her amended Motion for Alternate Service under seal. (*Id.*) Plaintiff asserts that the motion includes "Know Your Customer" information obtained from a third-party subpoena issued to Binance to obtain the identifying information of the owners of the five Binance cryptocurrency wallets identified through Plaintiff's tracing efforts. (*Id.*) The information is confidential and subject to the parties' confidentiality stipulation. (*Id.*)

Local Rule 1.11(b) requires the following for filing a document under seal:

> [The Motion] (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal"; (2) must describe the item [proposed for sealing]; (3) must establish . . . filing the item is necessary, . . . sealing the item is necessary, and . . . using a redaction, a pseudonym, or a means other than sealing is

> unavailable or unsatisfactory; (4) must include a legal memorandum; (5) must propose a duration of the seal; (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and (8) must include the item, which is sealed pending an order resolving the motion.

M.D. Fla. Loc. R. 1.11(b).

Although a district court has "supervisory power over its own records and files," that power must be used responsibly to balance the public's right of access with interests favoring confidentiality. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1987). Discovery materials are presumptively confidential and "material filed with discovery motions is not subject to the common-law right of access." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). However, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). "This right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. In particular, "[a] party's privacy or proprietary interest

in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

Upon consideration, Plaintiff has met the requirements of Local Rule 1.11 and has shown good cause as to why the motion should be filed under seal. Specifically, the items to be sealed are described in the Motion (Dkt. 65.) *See Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-ORL-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-ORL-40TBS, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access."). As such, the court finds good cause to permit the motion to be filed under seal.

Accordingly:

1. Plaintiff's Motion for Leave to File Under Seal (Dkt. 65) is **GRANTED**.

2. On or before **December 27, 2024,** Plaintiff is **DIRECTED** to file under seal Plaintiff's Amended Motion for Order Authorizing Alternate Service of Process on Foreign Defendants (Dkt. 65-1) as a separate docket entry through CM/ECF.

3. The material shall remain under seal for 90 days after the case is closed and all appeals are exhausted.

**ORDERED** in Orlando, Florida, on December 20, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

- 4 -