UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAOYING SONG,

    Plaintiff,

v.                                          CASE NO. 6:24-cv-809-JSS-UAM

DEFENDANT "1", etc., et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion for Order Authorizing Alternate Service of Process on Foreign Defendants pursuant to Rule 4(f)(3) and Memorandum of Law in Support ("Motion"). Doc. 67. For the reasons herein, the Court grants the Motion in part to the extent that Plaintiff may use the requested forms of alternate service on Defendant "1" and on the five Defendants identified through discovery from Binance ("Binance Wallet Defendants") as set forth in the Motion.

    **I.**    **Background**

On June 7, 2024, Plaintiff filed a second amended complaint, which is the current operative pleading,[1] alleging Defendants conducted a "sophisticated global internet cryptocurrency fraud and conversion scheme," allowing Defendants to steal

---

[1] Plaintiff represents that it intends to seek leave to further amend its pleading to drop Defendants associated with discovery identified through Crypto.com. Doc. 67 at 2.

cryptocurrency from Plaintiff. Doc. 12 at 2 ("SAC"). Plaintiff's SAC alleges that Defendant "1" is an individual who used social media, including WhatsApp, to initiate communications with Plaintiff to implement the scheme at issue. *Id.* at 4, 6. The SAC further alleges that John Doe Defendants 1-9 "are cohorts of Defendant '1' and are the owners of" (1) Binance, (2) Coinhako, and (3) Crypto.com "cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred[,]" and that "Defendants have maintained and continue to maintain private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion of Plaintiff's stolen cryptocurrency currently sits." *Id.* at 4-5.

On September 12, 2024, the Court granted Plaintiff's motion for expedited discovery and leave to serve third-party subpoenas so that Plaintiff could seek to obtain the name, address, phone number, and email address of Defendants from the cryptocurrency exchange companies, Binance, Crypto.com, and Coinhako. Doc. 37. In the instant Motion, Plaintiff represents that it served subpoenas on Binance, Crypto.com, and B2C2,[2] on September 12 and 13, 2024. Doc. 67 at 1. As to Crypto.com, the Motion states that upon receiving information from Crypto.com, Plaintiff "does not intend to serve either of the Crypto.com wallets previously identified at this time and will move for leave to amend the pleadings accordingly."

---

[2] The Motion does not make clear what subpoena was served on B2C2, which was not referenced in the earlier motion for expedited discovery. Nor does the Motion discuss the subpoena authorized with respect to Coinhako, the wallet identified in Plaintiff's motion for expedited discovery, Doc. 37. In any event, and for purposes of this Order, the alternate service authorized at this time is limited to Defendant "1" and the Binance Wallet Defendants.

2

*Id.* at 2. As to B2C2, the Motion states that "[a]t this time, Plaintiff is waiting on further response from B2C2 Counsel regarding the individuals that should be served as the actual owners of the identified wallets at B2C2." *Id.*

Finally, as to Binance, the Motion states that "Binance produced discovery related to the identified wallets on November 26, 2024." *Id.* This information identified five individual wallet owners, the Binance Wallet Defendants, of which potential addresses for only two of the five were identified, both within China. *Id.* at 3-4. With this information, Plaintiff now seeks to move forward with alternate service of process and service of all filings via: (1) WhatsApp, (2) email, (3) Non-Fungible Token ("NFT") electronic transfer, and (4) website posting. *Id.* at 5. Though the Motion appears to indicate that it seeks such relief as to "each Defendant," as set forth above, no basis for alternate relief has been articulated, let alone established, for Defendants other than Defendant "1" and the Binance Wallet Defendants.[3] To the contrary, Plaintiff apparently does not intend to pursue claims against any Defendants associated with the Crypto.com wallets and has not identified any Defendants associated with B2C2 and/or Coinhako. For the reasons herein, the Motion will be granted in part to the extent that alternate service will be authorized as to Defendant "1" via WhatsApp and email and on the Binance Wallet Defendants via email, NFT

---

[3] Though the Motion is not entirely clear, to the extent relief was sought beyond what the Court has authorized herein, such is denied without prejudice to filing a properly supported and clearly articulated motion.

electronic transfer, and website posting.[4]

## II. Legal Standard

Rule 4(f) of the Federal Rules of Civil Procedure ("Rule(s)") sets forth methods for serving an individual in a foreign country as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

"A plaintiff is not required to attempt service under subsections (1) and (2) before requesting a court order authorizing service under subsection (3)" of Rule 4.

*Dolphin Cove Inn, Inc. v. Vessel Olymplc Javelin*, No. 3:19-cv-1018-J-34JRK, 2020 WL

---

[4] For the avoidance of doubt, to the extent multiple alternate methods of service are authorized herein for a particular defendant, it is the Court's intention that *each* such method be utilized (as opposed to any one method of service alone being authorized).

4927590, at *2 (M.D. Fla. Aug. 21, 2020). "Rule (4)(f)(3) was adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Bandyopadhyay v. Defendant 1*, No. 22-cv-22907, 2022 WL 17176849, at *2 (S.D. Fla. Nov. 23, 2022) (internal quotation marks and citation omitted).

Provided due process is satisfied—that is, service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"—"[c]ourts have broad discretion in allowing service under Rule 4(f)(3)." *Dolphin Cove Inn*, 2020 WL 4927590, at *2 (citation and internal quotation marks omitted). In short, the Court has broad discretion to authorize alternate service that (i) is not prohibited by international agreement; and (ii) complies with due process. *Id.*

### III. Discussion

Here, Plaintiff seeks alternate service via blockchain transfer of an NFT, email, website posting, and WhatsApp messaging. First, such proposed service methods are not prohibited by international agreement. After diligent efforts, Plaintiff has been unable to locate Defendant "1" or three of the Binance Wallet Defendants (but believes they may be in Laos or Myanmar) and has obtained addresses in China for two Chinese national Binance Wallet Defendants.

With respect to defendants for whom addresses are not known, the Hague

convention is inapplicable.[5] *See id.* at *2-3; *see also Microsoft Corp. v. Does*, No. 12-cv-1335 (SJ) (RLM), 2012 WL 5497946, at *2 (E.D.N.Y. Nov. 13, 2012).

As to the Chinese national defendants with addresses in China, though China is a party to the Hague convention, none of the methods of service proposed by Plaintiff are either prohibited by the Hague convention or specifically objected to by China. *See Patel v. Defendant "1"*, No. 3:23-cv-24651-MCR-ZCB, 2024 WL 4919419, at *2 (N.D. Fla. Jan. 16, 2024) ("[T]he service of process requested is not prohibited by international agreement. Service of process via NFT transfer, posting on a designated website, and social media messaging like Whatsapp is 'not specifically precluded' by the Hague convention …. China has objected to the means of service by 'postal channels' in Article 10(a) of the Hague Convention, but Article 10(a) does not include the means of service requested by [plaintiff].") (internal citations omitted); *Sun v. Defendant 1*, No. 23-cv-21855-RAR, 2023 WL 4532417, at *2 (S.D. Fla. July 13, 2023); *Bowen v. Li*, No. 23-cv-20399, 2023 WL 2346292, at *2 (S.D. Fla. Mar. 3, 2023); *Bandyopadhyay*, 2022 WL 17176849, at *2.

In addition, the methods of service proposed by Plaintiff comply with due process; indeed, "[i]n similar circumstances, district courts have allowed for a variety of alternative service methods including service by website posting, NFTs, and social media." *Patel*, 2024 WL 4919419, at *1; *see Polansky v. Defendant 1*, No. 23-cv-21852, 2023 WL 5951838, at *3 (S.D. Fla. Aug. 31, 2023); *Sun*, 2023 WL 4532417, at *2;

---

[5] Even assuming they are in Laos or Myanmar, however, neither country is a signatory to the Hague Convention.

*Bowen*, 2023 WL 2346292, at *3; *Bandyopadhyay*, 2022 WL 17176849, at *2-3; *see also VPR Brands, LP v. Shenzhen Weiboli Tech. Co.*, No. 22-cv-81576, 2022 WL 22863807, at *2 (S.D. Fla. Oct. 27, 2022). The requested methods of service are particularly appropriate in cases like this involving a purported scheme conducted via an electronic forum using the internet and cryptocurrency blockchain technology. *See Patel*, 2024 WL 4919419, at *2. The alternate service of process and all filings proposed by Plaintiff as to Defendant "1" and the Binance Wallet Defendants is appropriate under the circumstances. *See Sun*, 2023 WL 4532417, at *2; *Bandyopadhyay*, 2022 WL 17176849, at *3; *Bowen*, 2023 WL 2346292, at *3.

## IV. Conclusion

Accordingly, Plaintiff's Motion is **granted in part** to the extent that alternate service of process and service of all filings in this case is permitted as to Defendant "1" and the Binance Wallet Defendants. More specifically, Plaintiff is authorized to serve process and serve all filings on Defendant "1" via WhatsApp and email and on the Binance Wallet Defendants via email, NFT electronic transfer, and website posting, as set forth on page 23 of the Motion.

**DONE AND ORDERED** in Jacksonville, Florida, on January 31, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record