# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MAOYING SONG,<br><br>      Plaintiff,<br><br>      v.<br><br>DEFENDANT "1" a/k/a "Thomas Johnson" and JOHN DOE Defendants 1-5 who are the cohorts of Defendant "1" and are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:<br>Binance: 0x0761c615184427bfa06407a2774da966a1a6db01, 0xb9081e545401ba359addca369bb8e2f06cba23fa, 0xfc104a92b537bc912ead1228c0a8067b5c6ecbc6, 0x06e9f3093c2c0ead8873d7cef34aad6c6c8679cb, and 0xc1f701b31ea360b59d5d5f450b9377fdb3815165<br><br>      Defendants. | Case No. 6:24-cv-00809-JSS-NWH |

### PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, Maoying Song, hereby moves this Honorable Court, for the

entry of final default judgment against Defendant "1" a/k/a "THOMAS JOHNSON"

1

and JOHN DOE DEFENDANTS 1-5 (the "Binance Wallet Defendants") (collectively, "Defendants"), the latter being cohorts of Defendant "1". In support thereof, Plaintiff submits the following Memorandum of Law.

    a.    **Introduction**

As set forth in Plaintiff's Complaint, Plaintiff initiated this action to recover cryptocurrency stolen by Defendants pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme. Defendants are in default, and the prerequisites for a default judgment have been met. As relief, Plaintiff seeks default judgment finding Defendants liable on Count I (Conversion); Count II (Unjust Enrichment); Count III (Imposition of a Constructive Trust and Disgorgement of Funds); and Count IV (Conspiracy). The refusal of Defendants to participate in these proceedings has foreclosed Plaintiff's ability to secure any discovery directly from Defendants. Binance, as a third-party exchange, has cooperated in producing third-party discovery identifying the Defendants with Binance wallets, which allowed Plaintiff to serve the Binance Wallet Defendants. The Defendants have neglected to respond or participate in the litigation. For the reasons listed below, joint liability applies among the Defendants.

**<u>Plaintiffs Pray Judgment Includes the Entry of a Permanent Injunction.</u>**

    b.    **Statement of the Facts**

Defendants stole cryptocurrency from Plaintiff pursuant to a sophisticated

global internet cryptocurrency fraud and conversion scheme. *See* Second Amended Complaint for Conversion of Stolen Cryptocurrencies [ECF No. 12] at ¶ 1. Plaintiff Maoying Song ("Song"), was lured by Defendant "1", who represented himself as a high-return trader, into transferring cryptocurrency into what Song believed were trusted websites for the purpose of making investments. *See id.* at ¶¶ 25, 26, 30. The websites were fraudulent platforms. *See id* at 29. Defendant "1" assisted Song in using fraudulent websites (www.cbpromaxtrade.com and www.cbsunmax.com) created to deceive individuals that they were investing on a legitimate cryptocurrency exchange. *Id.* at ¶¶ 27, 28. Song then transferred cryptocurrency, belonging to herself, to the fraudulent exchange based on the fraudulent misrepresentations made by Defendant "1." *Id.* at ¶ 30. Aside from one withdrawal of cryptocurrency totaling approximately thirty-two thousand dollars ($32,000.00), none of Song's withdrawal requests to the fraudulent exchanges were successful. *See id.* at ¶¶ 34, 36, 39. At the time of the theft, Plaintiff's stolen cryptocurrency was valued at approximately $175,529 USD.[1]

**c.   Procedural Background**

Plaintiff filed this action on April 29, 2024 [ECF No. 1]. Pursuant to the Court's January 31, 2025 Order Granting Amended Motion for Alternative Service

---

[1] The value is corrected to remedy an erroneous USDT amount in the Second Amended Complaint [ECF No. 12]. The updated amount reflects the value supported by the Updated Trace Report [ECF No. 55].

3

of Process on Foreign Defendants under Fed. R. Civ. P. 4(f)(3) [ECF No. 75], Plaintiff's counsel served Defendants via (1) email and (2) service NFTs. *See* Declaration of Daniel J. Thornburgh, Esq. [ECF No. 80-1] at ¶ 2.

As authorized by the Court, the service NFTs contained summons language and the URL link to Plaintiff's service website which contained the Complaint, Summons, and all other court filings in this action. *Id.* at ¶ 5. Accordingly, Defendants were served with the Summons and Complaint on February 7, 2025 via (1) the service NFTs and (2) Plaintiff's service website. Defendants were served via email address on February 10, 2025. *Id.* at ¶ 4-6.

The time allowed for Defendants to respond to the Complaint expired. Defendants have not been granted an extension of time to respond to the Complaint. Defendants have failed to answer or otherwise respond to the Complaint or serve a copy of any Answer or other response upon Plaintiff's attorneys of record. *See id.* at ¶¶ 7-9.

Plaintiff's counsel is informed and believes that no Defendants are infants or incompetent persons. Plaintiff's counsel is informed and believes that the Service members Civil Relief Act does not apply. *Id.* at ¶¶ 10-11. On March 17, 2025, Plaintiff filed their Motion for Clerk's Entry of Default as to Defendants, and the Clerk entered default against Defendants on April 15, 2025, for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

4

Plaintiff now moves the Court to grant Final Default Judgment against Defendant "1" and the Binance Wallet Defendants.

**d.    Argument**

**A.    Final Default Judgment Should be Entered Against Defendants.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331. Personal jurisdiction over Defendants and venue in this district are proper under 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c). Among other things, Defendants transact their affairs in this district inasmuch as Defendants direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district. Defendants are further subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

**B. Default Judgment is Proper.**

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). *See* Fed. R. Civ. P. 55. Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004)

(citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). In this case, the Second Amended Complaint [ECF No. 12] and declaration filed in support of Plaintiff's Motion for Entry of Final Default Judgment [Exhibit 1 attached] demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendant.

### C. The Factual Allegations Establish Defendant's Liability.

#### a. Plaintiff has Established Defendants' Conversion (Count I).

Plaintiff is a citizen of Florida, Second Amended Complaint [ECF No. 12] at ¶ 5, where he was located when Defendants converted Plaintiff's cryptocurrency. Therefore, Florida law applies to Plaintiff's conversion claim.[2] Under Florida law, "conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Mayo v. Allen*, 973 So. 2d 1257, 1258 (Fla. 1st DCA 2008) (citing *Star Fruit Co. v. Eagle Lake Growers, Inc.*, 160 Fla. 130, 33 So.2d 858 (1948)). Conversion may be demonstrated by a plaintiff's demand and a

---

[2] *See Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1115-6 (11th Cir. 1996) (For tort claims, Florida uses the "most significant relationship" test set forth in Restatement (Second) of Conflict of Laws § 145.). Under that test a court considers (1) "the place where the injury occurred"; (2) "the place where the conduct causing the injury occurred"; (3) "the domicile, residence, nationality, place of incorporation and place of business of the parties"; and (4) "the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145(2) (1971). "[A]bsent special circumstances, '[t]he state where the injury occurred would . . . be the decisive consideration in determining the applicable choice of law.'" *Pycsa Panama, S.A. v. Tensar Earth Techs., Inc.*, 625 F. Supp. 2d 1198, 1220 (S.D. Fla. 2008) (quoting *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980)).

defendant's refusal. *Id.* (citing *Goodrich v. Malowney*, 157 So.2d 829, 832 (Fla. 2d DCA 1963)). Here, Plaintiff alleges all elements under Florida law. *See* Count I (Conversion), Second Amended Complaint [ECF No. 12] at ¶¶ 13-48.

### b. Plaintiff has Established Defendants' Unjust Enrichment (Count II).

Florida law also applies to Plaintiff's Count II claim for Unjust Enrichment.[3] A party claiming unjust enrichment must prove "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Pincus v. Am. Traffic Sols., Inc.*, 333 So. 3d 1095, 1097 (Fla. 2022) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004)). Here, Plaintiff alleges all elements under Florida law. *See* Count II (Unjust Enrichment), Second Amended Complaint [ECF No. 12] at ¶¶ 13-42, 49-52.

### c. Plaintiff has Established Imposition of Constructive Trust and Disgorgement of Funds (Count III).

Florida law applies to Plaintiff's Count III claim for the Imposition of a Constructive Trust and Disgorgement of Funds.[4] Under Florida law, "[t]o impose a constructive trust, there must be (1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust

---

[3] *Supra* at FN 1.
[4] *Supra* at FN 1.

enrichment." *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022, 1025 (Fla. 4th DCA 1996) (citing *Abreu v. Amaro*, 534 So. 2d 771, 772 (Fla. 3d DCA 1988)). Here also, Plaintiff alleges all elements under Florida law. *See* Count III (Imposition of Constructive Trust and Disgorgement of Funds), Second Amended Complaint [ECF No. 12] at ¶¶ 13-42, 53-58.

    **d. Plaintiff has Established Conspiracy (Count IV).**

Florida law applies to Plaintiff's Count IV claim for Conspiracy.[5] Under Florida law, the elements of a civil conspiracy are: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (quoting *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So.2d 1157, 1159–60 (Fla. 3d DCA 2008)). Additionally, in Florida, the gravamen of a civil conspiracy claim is the underlying tort carried out by virtue of the conspiracy, not the conspiratorial agreement itself. *See Koch v. Royal Wine Merchants, Ltd.*, 907 F. Supp. 2d 1332, 1346 (S.D. Fla. 2012) ("Unlike a criminal conspiracy, which is an offense in itself, a civil conspiracy 'is not a separate or independent tort but is a vehicle for imputing the tortuous [sic] actions of one co-conspirator to another.'" (citation omitted)).

---

[5] *Supra* at FN 1.

Here too, Plaintiff alleges all elements under Florida law for both Conspiracy and the underlying torts of Conversion and Unjust Enrichment. *See* Count IV (Conspiracy), Second Amended Complaint [ECF No. 12] at ¶¶ 13-42, 59-64; *See* Count I (Conversion), Second Amended Complaint [ECF No. 12] at ¶¶ 13-48; *See* Count II (Unjust Enrichment), Second Amended Complaint [ECF No. 12] at ¶¶ 13-42, 49-52.

Accordingly, Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants on Counts I, II, III, and IV.

### D. Defendants are Jointly Liable for Plaintiff's Stolen Cryptocurrency.

#### a. Conversion as a Basis for Joint Liability.

Florida law recognizes that codefendants can be held jointly liable for conversion. This principle was affirmed in *Wilson Cypress Co. v. Logan*, where the court held that to hold defendants jointly liable for conversion, it must be shown that each defendant was guilty of conversion either by agreement among them or *each acting separately in such a manner as to show that the act of each was the exercise of the assumption of dominion over the property unauthorized by the rightful owner*. *Wilson Cypress Co. v. Logan*, 120 Fla. 124, 127, 162 So. 489, 491 (1935) (emphasis added).

Here, as outlined above, Plaintiff has established defendants' Conversion (Count I). In assuming dominion over Plaintiff's cryptocurrency assets, the defendants acted separately, but in such a manner that shows the act of each was unauthorized by Plaintiff. For instance, all Plaintiff's stolen cryptocurrency was converted in the same scam. *See* Second Amended Complaint for Conversion of Stolen Cryptocurrencies [ECF No. 12] at ¶ 18, 27, 30. Plaintiff was coerced by "Thomas Johnson" aka Defendant "1" to deposit her cryptocurrency into a fraudulent websites. Id. at ¶ 23-28. Then, it was funneled to the subject cryptocurrency deposit addresses owned by John Doe Defendants 1-6, respectively as part of the larger scam.[6] *Id.* at ¶ 12. Thus, the Binance Wallet Defendants are jointly liable for all of Plaintiff's stolen cryptocurrency assets.

    b. **Conspiracy as a Basis for Joint Liability.**

"Conspiracy is not a separate or independent tort but is a vehicle for imputing the tortuous actions of one co-conspirator to another to establish joint and several liability." *Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 460 (Fla. 5th DCA

---

[6] John Doe Defendants 8-9 and the associated Crypto.com wallet addresses were later revealed to be Plaintiff's wallet addresses and are not at issue. This does not affect the accuracy of any representation relating to the total amount of Plaintiff's assets stolen or its subparts.

1999). Here, as outlined above, Plaintiff has established Defendants' Conspiracy (Count IV). Thus, the Defendants are jointly liable for all of Plaintiff's stolen cryptocurrency assets.

### E. Plaintiff's Requested Relief Should Be Granted.

#### a. Damages.

As set forth in Plaintiff's Second Amended Complaint, Defendants converted 167,738.82 Tether (USDT) and 4.165 Ethereum (ETH) from Plaintiff. *See* Second Amended Complaint [ECF No. 12] at ¶¶ 1. At the time of the theft, Plaintiff's stolen cryptocurrency was valued at approximately $175,529 USD (167,738.82 USDT and 4.165 ETH).[7] Plaintiff is entitled to damages in the amount at the time of the theft of $175,529 USD under Count I (Conversion), Count II (Unjust Enrichment), and Count IV (Conspiracy).

#### b. Entry of a Permanent Injunction and Imposition of a Constructive Trust is Appropriate.

Count III seeks the Imposition of a Constructive Trust and Disgorgement of Funds. Injunction and disgorgement is necessary and proper to prevent Defendants' continuing conversion and unjust enrichment, and to afford Plaintiff complete relief. Moreover, the Court's powers of equity are sufficiently broad to compel measures

---

[7] The value is corrected to remedy an erroneous USDT amount in the Second Amended Complaint [ECF No. 12]. The updated amount reflects the value supported by the Updated Trace Report [ECF No. 55].

necessary to enforce an injunction. *See Swann v. Charlotte-Mecklenburg Bd. Of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for. . . the essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case."); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Although the law is undeveloped in the emerging field of blockchain crypto technology, in other established legal areas such as trademark infringement, which also implicates goals of public protection, federal courts routinely issue the type of injunction requested here.[8] Permanent injunctive relief is appropriate where a plaintiff demonstrates (1) he has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Absent a permanent injunction Defendants will continue to transfer Plaintiff's funds to other wallets (irreparable injury with no

---

[8] *See, e.g., Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." (citation omitted)); *BellSouth Adver. & and Publ'g. Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991) (holding "[i]n a trademark infringement or unfair competition case, a third party, the consuming public is present and its interests are paramount.").

adequate remedy as to fraudulently converted identifiable funds) and will continue to ensnare other victims in Defendants' fraudulent trading exchange scheme (public interest). Indeed, Defendants' failure to respond or otherwise appear in this action underscores Defendants' ability and intent to commit further cryptocurrency thefts against other victims absent an injunction (balance of hardship favors remedy). *See, e.g., Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's [trademark] infringing activity will cease. Therefore, plaintiffs are entitled to permanent injunctive relief.").

However, in cases similar to the present matter, some courts have refused to grant a permanent injunction finding that monetary damages are an adequate remedy. *See Bowen v. Li*, No. 23-CV-20399, at *7 (S.D. Fla. July 18, 2023) (In a case involving the conversion of cryptocurrency, the court denied plaintiff's motion for a permanent injunction, finding that a monetary award provided plaintiffs with an adequate remedy); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2023 WL 2263552, at *7 (S.D. Fla. Feb. 28, 2023) (same). Notwithstanding, Plaintiff believes a permanent injunction is necessary to prevent Defendants' from stealing more cryptocurrency from other victims and to prevent them from transferring Plaintiff's funds to other wallets causing irreparable injury without any legal remedy.

**F. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests the Court enter final default judgment including a permanent injunction against Defendants in the form of the proposed Final Default Judgment and Permanent Injunction filed herewith.

        Respectfully submitted,

        By: /s/ Daniel J. Thornburgh
        Daniel J. Thornburgh
        Fla. Bar No. 42661
        **AYLSTOCK, WITKIN,**
        **KREIS & OVERHOLTZ, PLLC**
        17 East Main Street, Suite 200
        Pensacola, FL 32502
        Telephone: 850-202-1010
        Fax: 850-916-7449
        dthornburgh@awkolaw.com

        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system. Additionally, a true and correct copy will be uploaded to the Plaintiff's Service Website (https://usdccourtservice.com/cv-00809/).

      Respectfully submitted,

      By: /s/ Daniel J. Thornburgh
      Daniel J. Thornburgh
      Fla. Bar No. 42661
      **AYLSTOCK, WITKIN,**
      **KREIS & OVERHOLTZ, PLLC**
      17 East Main Street, Suite 200
      Pensacola, FL 32502
      Telephone: 850-202-1010
      Fax: 850-916-7449
      dthornburgh@awkolaw.com

      *Attorney for Plaintiff*