**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAOYING SONG,

Plaintiff,

v.

INFINIWEB TECHNOLOGY, INC.;
ITECHNO SPECIALIST, INC.;
DEFENDANT "1" a/k/a "Thomas Johnson"
and JOHN DOE Defendants 1-9 who are the cohorts of Infiniweb Technology, Inc., Itechno Specialist, Inc., and Defendant "1" and who are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:

Binance:
0x0761c615184427bfa06407a2774da966a1a6db01
0xb9081e545401ba359addca369bb8e2f06cba23fa
0xfc104a92b537bc912ead1228c0a8067b5c6ecbc6
0x06e9f3093c2c0ead8873d7cef34aad6c6c8679cb
0xc1f701b31ea360b59d5d5f450b9377fdb3815165

Coinhako:
0xe0d6b179c9840834dc45b6644deaca1e9c36101f
0xa29e963992597b21bcdcaa969d571984869c4ff5

Crypto.com:
0xe384b08e8a5a2296f9c5d4db38f7aa45be83d7b5
0xf3b0073e3a7f747c7a38b36b805247b222c302a3

Defendants.
______________________________/

Case No. 6:24-cv-809-JSS-NWH

# PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE FOR LACK OF PROSECUTION

COMES NOW, Plaintiff Maoying Song, by and through the undersigned counsel, and hereby respectfully responds to the Court's Order to Show Cause (Dkt. No. 92).

Plaintiff states as follows: On November 5, 2025, during the hearing on Plaintiff's Motion for Default Judgment, Plaintiff's counsel informed the Court of his intent to file an amended complaint. Plaintiff acknowledges that the amended complaint was not filed as promptly as anticipated and apologizes to the Court for the delay. Since the entry of the Court's Order to Show Cause, Plaintiff has filed her Amended Complaint. (See Doc. 93.) The delay in filing the amended complaint was not the result of bad faith or an intent to abandon this action. Rather, Plaintiff required additional time to collect additional information concerning the newly identified Defendants to adequately prepare the amended pleading and to prepare for service of the Amended Complaint on Infiniweb Technology, Inc. and ITECHNO Specialist, Inc., which are foreign companies.

## 1. The Delay Was Caused by Plaintiff's Counsel's Ongoing Investigation to Collect Evidence and to Identify the Physical Address of the Newly Identified Defendants so Service of Process Could Be Effectuated.

The delay in filing the Third Amended Complaint was driven foremost by the Plaintiff's counsel's desire to collect additional evidence and the need to locate the

newly identified Defendants so service of process could be effectuated. Infiniweb Technology, Inc. is an online gambling company operating out of the Philippines and registered in the British Virgin Islands. ITECHNO is also located in the Philippines and, during all relevant times, operated a scam compound. Since the November hearing, Plaintiff's counsel has been investigating these Defendants in order to more effectively prosecute Plaintiff's claims and also needed to locate them so service of process could be perfected as soon as possible following the filing of the Amended Complaint. Plaintiff ordered corporate filing from the Philippines Securities and Exchange Commission concerning ITECHNO, which was received on January 27, 2026. These records allowed Plaintiff to locate the physical address of ITECHNO's office in Manilla, Philippines.

Moreover, Plaintiff's counsel had been attempting to speak with Infiniweb's United States counsel. After numerous phone calls and emails to Infiniweb's attorneys, Plaintiff's counsel was finally able to meet and confer with Infiniweb's counsel, in a separate matter, who agreed to accept service on behalf of Infiniweb in that case. Thus, the delay in filing the Amended Complaint was the result of investigative diligence, not a disregard of the Court's directives.

Before naming these entities as defendants in the Amended Complaint, Plaintiff felt compelled to first confirm their corporate existence, review publicly available filings, and evaluate jurisdictional and service implications under international law so that service of process could be achieved as quickly as possible following the filing of the Amended Complaint. In addition, coordinating service of process on foreign entities required extended communications with process servers and international service agents, evaluation of applicable treaty requirements, and confirmation of proper service procedures, all of which contributed to the lengthier timeline associated with the amendment. Plaintiff's counsel believes Infiniweb will likely waive service of process in this case. However, ITECHNO will need to be served through the Central Authority in the Philippines in accordance with the Hague Convention and so a judgment obtained in the United States can be domesticated against this Defendant in the Philippines.

**CONCLUSION**

Plaintiff has now complied with the Court's directive and intends to prosecute this action diligently. In light of the filing of the Amended Complaint, the basis for dismissal under M.D. Fla. Local Rule 3.10 has been cured, dismissal for failure to prosecute under M.D. Fla. Local Rule 3.10 would be a harsh sanction under the circumstances, as the delay was limited, non-prejudicial to Defendants,

and not willful. Plaintiff respectfully submits that good cause exists for the brief delay and that dismissal is not warranted.

**WHEREFORE,** Plaintiff respectfully requests that the Court find that Plaintiff has shown good cause, discharge the Order to Show Cause, and allow this action to proceed on the Amended Complaint (Doc. No. 93).

Respectfully submitted,

By: /s/ Daniel J. Thornburgh
Daniel J. Thornburgh
Fla. Bar No. 42661
**Aylstock, Witkin,**
**Kreis & Overholtz, Plc**
17 East Main Street, Suite 200
Pensacola, FL 32502
850-202-1010 / Fax: 850-916-7449
dthornburgh@awkolaw.com

*Attorney for Plaintiff*