**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAOYING SONG,

Plaintiff,

v.

INFINIWEB TECHNOLOGY, INC. and
ITECHNO SPECIALIST, INC.

Case No. 6:24-cv-809-JSS-NWH

Defendants.
_________________________________/

**STATUS REPORT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**COMES NOW** Plaintiff, by and through undersigned counsel, and pursuant to the Court's Orders dated September 1, 2026 (Dkt. No. 107) and November 13, 2026 (Dkt. No. 108) and respectfully submits this Status Report concerning the status of related forfeiture proceedings and settlement efforts. Plaintiff further respectfully requests that the Court continue the stay for an additional ninety (90) days, through and including February 11, 2027.

At the outset, undersigned counsel sincerely apologizes to the Court for failing to timely submit the Status Report required by the Court's September 1, 2026, Order. The Court's ECF notification concerning the filing deadline was automatically

diverted by an email filtering system to a spam (junk) folder rather than delivered to the recipients' primary inboxes, and, as a result, was not timely identified and calendared. Upon discovering the oversight, counsel acted promptly to address the matter. Counsel's IT department is also taking appropriate measures to prevent ECF notifications from being filtered in the future. Undersigned counsel regrets the oversight and respectfully apologizes to the Court for the failure to comply with the Court-ordered deadline.

Since the entry of the Court's September 1, 2026, Order staying these proceedings and directing Plaintiff to file a Status Report (Dkt. No. 107), there have been several material developments in the related forfeiture proceedings and settlement efforts that bear directly on whether further litigation in this action may ultimately be necessary.

First, in *United States v. Approximately 225,364,961 USDT*, Case No. 1:25-cv-01907 (D.D.C.) (the "In Rem Action"), the parties filed their most recent status report on November 4, 2026, advising that the previously reached agreement in principle remains under consideration and subject to final approval by the Office of the Deputy Attorney General (ODAG). Following final approval, the parties anticipate executing settlement documents, after which the Department of Justice is expected to communicate the procedures governing the review of claims and any

associated distributions. The parties remain actively engaged in those efforts, and Plaintiff will promptly advise this Court of any material developments.

Plaintiff has been engaged in negotiations with another identified party that Plaintiff alleges bears responsibility, in whole or in part, for Plaintiff's losses. Plaintiff has reached a settlement in principle with that party. That resolution, however, remains contingent upon the final approval and implementation of the settlement in principle reached in Case No. 1:25-cv-01907 in the United States District Court for the District of Columbia.

Plaintiff is also a claimant in two additional forfeiture actions: *United States of America v. Various Cryptocurrency Seized from Binance User ID 61886539 in the Name of [Person A]*, Civil Action No. 25-cv-12945 (E.D. Mich.), *United States of America v. Approximately 11,708,872.218564 (USDT), et al.*, Civil Action No. 26-cv-02268 (D.D.C.); and *United States of America v. 1. USDT Tokens in the Amount of 1,525,028.200939, et al.*, Civil Action No. 26-cv-06805-DJH (D. Ariz.).

In the Eastern District of Michigan action (25-cv-12945), Plaintiff's counsel has been actively engaged in settlement discussions with the Government for several months. Although a settlement has not yet been reached, the parties have made significant progress toward a potential resolution and expects that a resolution can be reached if ODAG approves the terms of the settlement in principal reached in 25-cv-1907.

The second District of Columbia forfeiture action (26-cv-02268) is more recent. However, Plaintiff believes a settlement can be reached in this action subject to ODAG's approval of the settlement terms reached in 25-cv-1907, also pending in the United States District Court for the District of Columbia.

Additionally, Plaintiff has identified a newly initiated forfeiture proceeding involving assets traceable to Plaintiff's stolen cryptocurrency pending in the United States District Court for the District of Arizona (26-cv-06805-DJH). Undersigned counsel is preparing to submit a claim on Plaintiff's behalf in that proceeding, but anticipates motion practice and limited discovery may be necessary before the parties can enter into settlement discussion. However, ODAG's approval of the settlement terms in 25-cv-1907 could help the parties reach a similar resolution in this and other matters.

Plaintiff has also identified an additional party that may bear liability, in whole or in part, for Plaintiff's losses. Based upon information presently available to Plaintiff, Plaintiff believes that this party continues to operate a scam center in the Philippines and may have employed individuals involved in perpetrating the underlying fraud and laundering Plaintiff's stolen assets. If Plaintiff is unable to fully resolve his claims through the pending settlements and related forfeiture proceedings, Plaintiff may seek appropriate relief from this Court to pursue claims against this newly identified party.

Accordingly, Plaintiff respectfully submits that good cause exists to continue the stay. The settlement process in Case No. 1:25-cv-01907 remains ongoing and is awaiting final approval and implementation, while Plaintiff continues to pursue potential recovery through several additional forfeiture proceedings. These parallel proceedings may substantially narrow, or potentially eliminate, the claims that would otherwise require further litigation in this action.

An additional ninety-day stay will therefore conserve the resources of the Court and the parties while permitting these proceedings and settlement efforts to advance. No party will be prejudiced by the requested extension. To the contrary, continuing the stay will avoid potentially unnecessary litigation while Plaintiff pursues avenues of recovery that may substantially narrow or resolve the issues presently before the Court.

Plaintiff previously requested an initial stay (Dkt. No. 103) and an extension of that stay (Dkt. No. 106). The Court granted those requests on May 4, 2026 (Dkt. No. 104), and September 1, 2026 (Dkt. No. 107), respectively. This is Plaintiff's third request for a stay or an extension of the existing stay.

**WHEREFORE**, Plaintiff respectfully requests that the Court find good cause for the requested relief, discharge the Order to Show Cause, and extend the stay of these proceedings for an additional ninety (90) days, through and including February 11, 2027, to permit the pending settlement and related forfeiture proceedings to

progress toward resolution. Plaintiff further represents that he will promptly advise the Court through an appropriate status report of any material developments affecting the continued need for the stay.

Dated: November 13, 2026.

By: /s/ Daniel J. Thornburgh
Daniel J. Thornburgh
Fla. Bar No. 42661
**Aylstock, Witkin,**
**Kreis & Overholtz, Plc**
17 East Main Street, Suite 200
Pensacola, FL 32502
850-202-1010 / Fax: 850-916-7449
dthornburgh@awkolaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system. Additionally, a true and correct copy was uploaded to the Plaintiff's Service Website (https://usdccourtservice.com/cv-00809/).

Respectfully submitted,

By: /s/ Daniel J. Thornburgh
Daniel J. Thornburgh
Fla. Bar No. 42661
**AYLSTOCK, WITKIN,**
**KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502

Telephone: 850-202-1010
Fax: 850-916-7449
dthornburgh@awkolaw.com

*Attorney for Plaintiff*